## SIMPSON *vs.* McDANIEL, Administrator.

[SUSPENSION OF STATE LAWS.]

1. *State laws suspended; when revived.*—The statutes enacted, subsequent to the 11th day of January, 1861, were not in force, from the 20th day of July, 1865 to the 21st day of September, 1865, on which latter day they, with certain specific exceptions, were revived, by the ordinance of the 21st September, 1865.—(*Jeffreys vs. State,* 39 Ala. 655.)

2. *Same; same.*—No legal court could have been held in the county of Lawrence, on the first Monday of September, 1865, as the act of 8th February, 1861, which required said court to be held at that time, was not of force; the act of January, 1860, which required said court to be held on the fourth Monday of September, was then of force. The ordinance of 21st September, 1865, revived the former act and repealed the latter.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. W. B. WOODS.

THIS action was brought by the appellant against the appellee; was commenced on the 12th day of February, 1866, and was founded upon a promissory note made by the appellee's intestate, and one Elijah McDaniel, who was not sued. The defendant, amongst other things, pleaded that his intestate was only a security on the note, and that he, as his administrator, gave the plaintiff notice, in writing, on the 17th day of August, 1865, of this fact, and further notified him to bring suit on said note against the principal therein, to the first term to which suit could be brought, and that he, the plaintiff, had failed to do so. As the bill of exceptions states, it was "shown to the court, that the Hon. S. C. Posey held a term of the circuit court for said county, commencing on the 24th of September, 1865, for the trial of criminal cases; said court was held under the provisions of the act approved 25th January, 1860, (Acts of 1859–60, p. 103.)"

The court gave the following charge :

"That by the proclamation of Governor Parsons, reor-

ganizing the State government, the civil laws were put in force, and in contemplation of law, there was a term of the circuit court of Lawrence county on the ——— Monday of September, 1865, to which suits could be brought, and whether the Judge held said court or not, or whether he held it at the proper time or not, still the plaintiff was not excused from bringing his suit, as required by the notice of the security, if he wished to hold the security liable, and the neglect to bring suit at that term of the court, releases the security from further liability, under § 2647 of the Code."

To which charge the plaintiff excepted.

R. O. PICKETT, for appellant.
DAVID P. LEWIS, contra.

BYRD, J.—In the case of Jeffreys et al. v. The State, in manuscript, we recognized the authority of Provisional Governor Parsons as the officer of the United States, in the then condition of the State of Alabama, to put in force so much of the statute law of the State as had been suspended by the military occupation of the State and the military orders of the commander-in-chief of the United States forces; and, having by proclamation of the 20th July, 1865, put in force all such laws as were in force on the 11th day of January, 1861, it followed that the statutes enacted subsequent to the latter date were not in force after the date of the proclamation, at least until they were put in operation by the ordinance of the convention of the 21st September, 1865.

It results that the act of the 8th of February, 1861, was suspended between the 20th July, 1865, and the 21st September of that year, and hence no court for the county of Lawrence for the first Monday in September of that year, as provided by that act, could have been legally held on that day.

This court has held that the ordinances of the convention, not in contravention of the constitution of the United States, are valid as legislative enactments. Therefore, the ordinance of the 21st September, 1865, revived the act of

the 8th February, 1861, and thereby repealed the act approved 25th January, 1860, (Pamphlet Acts 1859-60, p. 103,) which required the circuit court of Lawrence county to be held on the fourth Monday of September, 1865. Now that Monday was subsequent to the adoption of the ordinance, and consequently the court held at that time was without authority of law, and the appellant was not bound to sue upon the note to that term of the court, and having sued to the first term to which suit could have been brought, and to which the law would have made the writ returnable if suit had been brought the day the notice was given by appellee, the court below erred in the charge given. This point is decisive of the other points raised, so far as this case is concerned, and hence we are relieved from any further notice of them.

It is evident that the judge who held the court could not have known of the adoption of the ordinance, and therefore could not be considered guilty of any impropriety whatever. This result, like many others, is the inevitable effect of events and the principles of law, and it imposes no unjust hardship upon the appellee, so far as we can perceive from the facts set out in the bill of exceptions.

For the error pointed out the cause must be reversed and remanded.