Donaldson *v.* Nealis.

## Donaldson *v.* Nealis.

### (*Jackson.*    May 19, 1902.)

1. BILL OF REVIEW.  *For error apparent does not lie, when.*

   A bill of review for error apparent does not lie to annul a decree upon the ground that the Court rendering it had no jurisdiction of the matter, and that the decree was, therefore, void. Such bill assumes that the Court rendering the decree had jurisdiction, but erred in its rendition.  (*Post, p. 641.*)

2. SAME.  *Same.*

   A bill of review for error apparent does not lie to annul a perfected sale of land made under decree. As the title of the purchaser is not affected by the reversal of such decree, error in its rendition could not be injurious to the complainant. (*Post, pp. 641, 642.*)

3. RES ADJUDICATA.  *What is not.*

   A judgment sustaining a demurrer to a bill attacking a tax sale and dismissing the bill on the ground that it was a collateral attack on a tax proceeding, and, therefore, not maintainable, is not such adjudication of the merits of the case as precludes the complainant from maintaining another suit to set aside the same tax sale upon another ground—to-wit, that it was void for the reason that complainant was not brought before the Court in the tax proceedings by process or publication. (*Post, pp. 642–644.*)

   Cases cited: Thompson *v.* Blanchard, 2 Lea, 528; Peeler *v.* Norris, 4 Yer., 331; Welsh *v.* Harman, 8 Yer., 103; Hodsden *v.* Caldwell, 1 Lea. 50; Hurst *v.* Means; 2 Sneed, 546; Mabry *v.* Churchwell, 1 Lea, 416; Murdock *v.* Gaskill, 8 Bax., 22; Grotenkemper *v.* Carver, 4 Lea, 375; Parkes *v.* Clift, 9 Lea, 524; Boyd *v.* Robinson, 93 Tenn., 28.

4. PUBLICATION.  *Insufficient, when.*

   Publication for a nonresident, made in a proceeding to sell lands of delinquent taxpayers due to a city, is void, which fails to

indicate in its caption or elsewhere that the city is the complainant by whom, or for whose benefit, the suit is prosecuted. (*Post, pp. 644, 645.*)

FROM SHELBY.

Appeal from Chancery Court of Shelby County. R. M. HEATH, Special Ch.

W. W. GOODWIN and J. J. DuBOSE for Donaldson.

F. H. HEISKELL for Nealis.

McALISTER, J.    This bill was filed in a twofold aspect, first as a bill of review for error apparent in the decree of the Chancery Court of Shelby County, in the case of *State of Tennessee* v. *John Veal et al.*, a tax proceeding wherein complainant's lot, valued at $8,000 or $10,000, was purchased by the defendant, Nealis, for $500.    Second, as an original bill in the nature of a bill of review to impeach the decree in the tax proceedings and set aside the sale to Nealis for fraud.    An answer was filed by Nealis which embodied a demurrer to the matter alleged as error apparent upon the face of the record in the original tax proceedings, and the answer also contained a plea of *res adjudicata.* The effect of the demurrer and plea was that the

matter presented in this bill had been adjudicated in the former litigation between these parties. It appears that heretofore on February 6, 1897, the present complainant, W. T. Donaldson, filed his bill against the present defendant, M. Nealis, for the purpose of setting aside a sale of the lot now in controversy to the said Nealis on the 18th of April, 1896, in a tax suit brought by the State of Tennessee for the use of the city of Memphis to en· force the payment of taxes for the years 1890 and 1891. A demurrer was interposed to that bill on behalf of Nealis, which was sustained by the Chancellor. On appeal to this Court the decree was affirmed, the demurrer sustained, and the bill dismissed on the ground that the complainant's bill was a collateral attack on the original tax proceedings and could not be entertained, following the opinion of this Court in *Reinhardt* v. *Nealis,* 17 Pickle.

After that bill was dismissed the present bill was filed in the twofold aspect of a bill of review for error apparent, and as an original bill, in the nature of a bill of review, to impeach the decree and set aside the sale because the return of the Sheriff, being a false return, and not in conformity with the statute, did not authorize the publication, and also because the publication made for complainant was insufficient and void as a substitute for personal service of summons, and gave the Court no jurisdiction over the person of complainant. It is now insisted that the judgment on the demurrer dis-

Donaldson *v.* Nealis.

missing the original bill, was a judgment on the merits, and hence precludes a second suit. We will first notice the present bill in its aspect as a bill of review and the general principles governing such a proceeding.

The error of law complained of must be in violation of some statute or some settled principle or rule of law or equity, or the practice of the Court. Gibson, Ch., 1065.

The error must be injurious to complainant. No error can be noticed unless pointed out by bill. *Ib.*

Only the pleadings can be looked to, not the proof. If the decree is such as supposing every necessary allegation to be proved, might be lawfully made upon the pleadings, a bill of review will not lie. Gibson, Ch., 1065.

Matters going to the jurisdiction of the Court, and which, if maintained, show the decree to be void, are not grounds for a bill of review. *Berd-. natti* v. *Sexton*, 2 Cooper, Ch., 703.

"This is manifest without any authority, because a bill of review assumes that the Court had power to act, but insists that upon the face of the decree the Court committed error in acting."

Again, the rule is that upon a reversal of the decree by bill of review, the title of the purchaser shall not be affected.

So that it appearing that the decree sought to be reversed herein has been executed, and, further, that the main ground alleged for relief being that the

Chancellor had no jurisdiction of the original tax proceeding on account of an invalid publication, complainant's remedy, if any, must be found, not in the bill of review, but in the original bill in the nature of a bill of review. But it is insisted that the judgment on the demurrer, dismissing the first bill of *Donaldson* v. *Nealis*, upon the ground that it was a collateral attack on the tax proceedings was a judgment on the merits, and, hence, a bar to the present suit. Counsel cites *Parkes* v. *Clift*, 9 Lea, 524; *Boyd* v. *Robinson*, 9 Pickle, 28.

In the case of *Parkes* v. *Clift*, a demurrer was sustained to the first bill, and the bill dismissed, and this was relied on as an adjudication by way of defense to the second bill, for the same cause of action, but setting up other reasons for the same relief. The first bill sought to attack an execution sale of real estate as void. The second bill set out the same facts contained in the first bill and added other facts. The Court held the decree on demurrer in the first suit, a bar to the second suit.

Said the Court: " A new bill will not, of course, lie in such a case, for the estoppel of a judgment or decree extends to all matters material to the decision of the cause which the parties, exercising reasonable diligence, might have brought forward at the time. *Thompson* v. *Blanchard*, 2 Lea, 528; *Peeler* v. *Norris*, 4 Yer., 331; *Welsh* v. *Harman*, 8 Yer., 103; *Aurora City* v. *West*, 7 Wall., 102;.

*Stout* v *Lye*, 103 U. S., 66; *Knight* v. *Atkinson*, 2 Tenn. Ch., 384.

"If after a decree a bill would lie to retry the cause merely because error had supervened, the facts been misapprehended, or the party had neglected his case, there would be no end to litigation." *Hodsden* v. *Caldwell*, 1 Lea, 50.

"A judgment or decree to be a bar must be on the merits." *Hurst* v. *Means*, 2 Sneed, 546; *Mabry* v. *Churchwell*, 1 Lea, 416.

"And a decree dismissing a bill on demurrer may be upon the merits, in which case it is as conclusive as if the facts set forth in the bill were admitted by the parties, or established by evidence." *Murdock* v. *Gaskill*, 8 Bax., 22; *Grotenkemper* v. *Carver*, 4 Lea, 375.

"The decree relied on as an estoppel in the case before us, has all the elements of an estoppel, being a general dismissal of a bill between, as we have seen, the same parties, touching the same subject matter and for the same purpose." But while this is true, as was said by the U. S. Supreme Court, viz.: "There are undoubtedly many cases where a final judgment upon a demurrer will not conclude as to future action. The demurrer may go to the form of the action, to a defect of pleading, or to the jurisdiction of the Court. In all such instances the judgment thereon will not preclude litigation on the merits of the controversy in a court of competent

jurisdiction, upon proper pleadings." *Bissel* v. *Spring Valley*, 124 U. S., 231, 232.

Black, in his work on Judgments, Section 715, says: "A judgment given against the plaintiff on the single ground that he has mistaken his remedy or form of action is no bar to his subsequent suit brought in the proper form." As already stated the bill first filed by Donaldson was dismissed solely on the ground that it was a collateral attack upon the decree under which the property was sold, which was a matter that affected the form of the action as well as the jurisdiction of the Court. That decree was in no sense a judgment on the merits, or in the way of complainant's filing this bill. The gravamen of the bill is that the publication made for the complainant Donaldson in the tax suit failed to state the style of the cause, the names of the parties litigant, and the case for which the same was ordered. Said publication did not set forth that the city of Memphis was complainant, nor that the State of Tennessee was suing for the use of said city, etc. This Court, at its April term, 1899, in the case of *Woodsworth heirs* v. *Nealis*, adjudged such a publication fatally defective and that it conferred no jurisdiction of the person upon the Court. The opinion in that case says :

"This is a bill preferred by the heirs of Jeremiah Woodsworth to set aside a certain proceeding in the Chancery Court of Shelby County, by which defendant Nealis acquired a tax title to certain real

estate. The case was heard before the Chancellor upon a statement of agreed facts, upon consideration whereof he dismissed the bill. Complainant appealed and has assigned errors. It appears there was an effort to bring the parties before the Court in that case by publication. The order of publication was entitled as follows: 'Order of publication. In Chancery Court of Shelby County, Tennessee, part 2, *State of Tennessee* v. *James Lagett et al.'* Then comes the body of the publication. The only taxes sought to be collected by the original proceedings were taxes due the city of Memphis for the years 1891–2–3. It will be observed that the city of Memphis is not stated in the caption as a party to the suit. This phraseology is in no sense such as is required, to wit: that the names of the parties and the subject-matter of the litigation shall be stated in the publication. For this error the decree of the Chancellor is reversed and a decree will be entered here for the complainants for the recovery of the property."

The question raised by the present bill in respect of the defective publication in the original tax proceeding under which Nealis purchased is identical with the question made in the Woodsworth case, and it therefore follows that said original publication was absolutely void and conferred no jurisdiction upon the Court of the person of Donaldson.

The decree below is affirmed.