# Patton *v.* The State.

*Carrying Concealed Weapons.*

(Decided May 13, 1909.　49 South, 809.)

1. *Statutes; Constitutional Law; Subject and Title.*—A provision in Local Acts, 1st Special Session, 1907, page 28, continuing the session of the court at St. Stephens, until the completion of the buildings at Chatom, is violative of section 45, Constitution 1901, as relating to a subject not expressed in the title of the act.

2. *Judgment; Jurisdiction; Place of Holding Court.*—A judgment rendered at a court held at a place not authorized by law is void, and will not support an appeal.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Joe D. Patton was convicted of the crime of carrying a pistol concealed, and he appeals. Appeal dismissed.

TURNER, WILSON & TUCKER, for appellant.—The act of the Legislature, 1st special session- 1907, for Washington county, is violative of section 45 and section 106, and section 76 of the Constitution of 1901.—*Ballantyne v. Wickersham,* 75 Ala. 533. That portion of the Local Acts extending the time for holding courts of record at St. Stephens from one year from the date of the location to the 1st Monday in October, 1908, was violative of section 45 of the Constitution 1901.—*Walker v. The State,* 142 Ala. 7; *L. & N. v. Grant,* 45 South. 226; *Ballantyne v. Wickersham, supra.* It was also violative of section 106 of the Constitution of 1901.—*State ex rel. v. Williams,* 143 Ala. 501; *Wallace v. Board of Revenue,* 140 Ala. 502; *State, ex rel. v. Speake,* 144 Ala. 510. The Local Act being void, the general law must be looked to in determining the place of holding court, and under section 305 of the Political Code the court that

tried this case was improperly held at St. Stephens, and its judgment is void.—*L. & N. v. Grant, supra; Jackson v. The State,* 102 Ala. 76; *Ex parte Branch & Co.,* 63 Ala. 383.

ALEXANDER M. GARBER, Attorney-General, for the State.

DENSON, J.—The defendant was convicted in the county court of Washington county for the crime of carrying a pistol concealed about his person. The term of the court at which the conviction was secured was held at St. Stephens on the 7th day of July, 1908. The defendant has appealed, and here insists that the judgment of conviction is void, because the court was not authorized by law to be held at St. Stephens—that the law fixed Chatom as the place where the court should be held.

On January 27, 1907, there was held in Washington county an election at which it was determined that the county seat of that county should be removed to Chatom. The validity of the election was assailed, but it was upheld in the case of *Commissioners v. Bowling,* 151 Ala. 561, 44 South. 465, and Chatom became the county seat of the county, as the result of that election, under the provisions of the act of March 3, 1903, entitled "An act to provide for holding elections on the question of changing or locating county seats, etc." Acts 1903, p. 117. Section 17 of this act was amended by the act of March 2, 1907 (Acts 1907, p. 251) ; and by the terms of the amendatory act it is perfectly clear that no court of record could be legally held in Washington county, after the expiration of 12 months from January 27, 1907, (the day upon which the election was held), at any place other than Chatom, the new county

seat.  But the Legislature, at the special session held
in 1907, passed an act, entitled "An act to extend the
time for the completion of the courthouse and jail build-
ings at Chatom, Washington county, Alabama."  Sec-
tion 1 of this act, after extending the time within which
the courthouse and jail should be completed, and re-
quiring that such buildings should be completed in time
to enable the circuit court to hold its fall, 1908, at Cha-
tom, provides:  "And pending the final completion of
said buildings and until said fall term of said court, all
courts of said county shall be held at St. Stephens, Ala-
bama."  Loc. Acts Sp. Sess. 1907, p. 28.

The constitutionality of this act, so far as the provi-
sion above quoted is concerned, is assailed, in brief of
appellant's counsel, upon the idea that the subject there-
of is not one expressed in, or covered or suggested by,
the title to the act, nor necessary or proper to the full
rounding out of an enactment upon the subject which is
expressed in the title.—Const. 1901, § 45.  In *Bell's
Case,* this court, quoting from *Division of Howard
County,* 15 Kan. 194, said:  "The 'subject' to be con-
tained in a bill may be as broad and comprehensive as
the Legislature may choose to make it.  It may include
innumerable minor subjects, provided all these minor
subjects are capable of being so combined as to form
only one grand and comprehensive subject; and if the
title of the bill, containing this grand and comprehen-
sive subject, is also comprehensive enough to include all
these minor subjects as one subject, the bill and all
parts thereof will be valid."—*Bell v. State,* 115 Ala. 87,
22 South. 453; *Ballentyne v. Wickersham,* 75 Ala. 533;
*Builders', etc., Co. v. Lucas,* 119 Ala. 202, 24 South. 416.
The title to the bill here under consideration is specific
and definite, referring only to the extension of the time
hitherto given within which the courthouse and jail at

8—160

Chatom might be completed; and while it may be that the title could have been so written as to include, along with the subject expressed, a provision that all courts of the county should be held at St. Stephens until said new buildings were completed, without offending against that clause of the Constitution which requires that "each law shall contain but one subject, which shall be clearly expressed in the title," the fact remains that it was not so written.

As intimated above, the title to the act is not a general one, but is essentialy restrictive—about as much so as a title could well be framed; and what we said in the case of *L. & N. R. R. Co. v. Grant,* 153 Ala. 112, 45 South. 226, quoting from Cooley on Constitutional Limitations (7th Ed.) p. 112, is peculiarly applicable here: "As the Legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title. They are vested with no dispensing power. The Constitution has made the title the exclusive index to the legislative intent as to what shall have operation. It is no answer to say the title might have been made more comprehensive, if in fact the Legislature have not seen fit to make it so."—*Governor v. Trustees, etc.,* 45 N. J. Law, 399. The title in question, on its face, plainly indicates a purpose to legislate on the subject of extending the time for the completion of the courthouse and jail only; and no member of the legislature, from inspecting the title or hearing it read, would have been informed that thereunder it was proposed to legislate upon the subject of

continuing the sessions of the court at St. Stephens, or was intended to repeal the provision of the act of March 2, 1907, which prohibits courts from being held at St. Stephens after 12 months from the date on which the election to determine whether the county seat should be removed to Chatom was held.

On the foregoing considerations and authorities, we conclude that that part of the act of November 23, 1907, provided that all courts of said county should be held at St. Stephens until the fall term, 1908, of the circuit court, is void, and, of consequence, that the term of the county court at which this conviction was secured was held at a place not authorized by law. It follows that the judgment of conviction is void and will not support an appeal.—*Kidd v. Burke,* 142 Ala. 625, 38 South. 241.

The appeal is dismissed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.