# Campbell *v.* The State.

### *Violating Stock Law.*

(Decided Jan. 12, 1911. 54 South. 107.)

1. *Charge of Court; Affirmative Charge; Evidence.*—An affirmative charge in a criminal case asserting the guilt of the defendant, but omitting to hypothesize a belief by the jury of guilt of the defendant beyond a reasonable doubt is erroneous.

[Campbell v. The State.]

2. *Appeal and Error; Review; Bill of Exceptions.*—Where the bill of exceptions contained a reference to an order of the commissioner's court which referred to a petition to establish a stock law in the district where it was claimed that the defendant had wrongfully permitted his stock to run at large, the bill should have incorporated the petition in order for the court to review the question of the legal establishment of the district.

APPEAL from Choctaw County Court.

Heard before Hon. W. H. LINDSEY.

Will Campbell was convicted of violating the stock law and he appeals. Reversed and remanded.

J. M. MILLER, for appellant. The charge for the state was faulty in that it was not predicated upon the belief of the evidence beyond a reasonable doubt. The stock law district was not properly established.—Acts 1900-1, p. 2066; *Flowers v. Grant*, 129 Ala. 275; 68 Ala. 129.

ALEXANDER M. GARBER, Attorney General for the State.

McCLELLAN, J.—The general affirmative charge, given at the request of the prosecution, omitted to exact, as the condition to conviction of the defendant, the requisite degree of belief of guilt, viz., beyond a reasonable doubt. It was, for that reason, error to give the charge in the form indicated.—*Townsend v. State*, 137 Ala. 91, 34 South. 382.

The bill of exceptions contains the order of the commissioner's court of Choctaw county, wherein reference is made to the petition praying the establishment of the stock law district in which defendant is alleged to have knowingly permitted his cow to run at large, but does not contain the petition mentioned. In such cases the *petition* is, necessarily, an important factor on the inquiry, whether the court acquired jurisdiction to legal-

ly, effectively, establish the district.—*Stanfill v. Dallas County,* 80 Ala. 287, among others.   Since a reversal must enter, for the error stated, we will not undertake to pass upon the question whether the stock district was legally created, in the incomplete condition of the record—the absence of the *petition.*

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.