(81 South. 861)

KING v. DEARING–ORMAN MERCANTILE CO. (8 Div. 589.)

(Court of Appeals of Alabama. April 8, 1919. Rehearing Denied May 6, 1919.)

1. NEW TRIAL ⚖113 — POWER OF COURT — COMPLIANCE WITH LAW AS TO TIME AND PLACE.

Power to set aside a judgment of the court and grant a new trial resides in the court, and involves the jurisdictional elements of time and place appointed by law for the exercise of judicial powers.

2. NEW TRIAL ⚖113—VALIDITY OF ORDER—INDORSEMENT ON UNFILED MOTION—RECESS.

Order by presiding circuit judge, purporting to set aside judgment of court and granting new trial, indorsed on defendant's motion for new trial, which was not filed until after order was indorsed thereon, and not entered upon the minutes of the court, made after circuit court had recessed and judge had returned to his home, was void.

3. APPEAL AND ERROR ⚖112—DECISIONS APPEALABLE — VOID ORDER GRANTING NEW TRIAL.

Order by presiding circuit judge, purporting to set aside judgment of court and granting new trial, indorsed on defendant's motion for new trial, which was not filed until after order was indorsed thereon, and not entered upon the minutes of the court, made after circuit court had recessed and judge had returned to his home, was void, and will not support an appeal.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by T. B. King against the Dearing-Orman Mercantile Company. From an order purporting to set aside a judgment of the court, and granting new trial, plaintiff appeals. Appeal dismissed.

William Stell, of Russellville, for appellant.

William Chenault and Travis Williams, both of Russellville, for appellee.

BROWN, P. J. The appeal here is not from the judgment rendered on the verdict

<hr>

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 175 Ala. xxi.

of the jury, but from an order of the circuit judge who presided at the trial, indorsed on the defendant's motion for a new trial, purporting to set aside the judgment of the court and grant a new trial. This order was made after the circuit court of Franklin county had recessed and the judge had returned to his home — Jasper — in another judicial circuit. The motion for a new trial does not appear to have been filed until after the order of the judge was indorsed thereon, and the order appears to have been indorsed on the paper presented as the motion for a new trial, and not entered upon the minutes of the court.

[1] The power to set aside the judgment of the court and grant a new trial resides in the court, and involves the jurisdictional elements of time and place appointed by law for the exercise of judicial powers. Norwood v. L. & N. R. R. Co., 149 Ala. 151, 42 South. 683; Grantham v. State; 3 Ala. App. 168, 57 South. 1025; Patton v. State, 160 Ala. 111, 49 South. 809; Hodo v. State, 156 Ala. 43, 47 South. 134; Barber v. State, 151 Ala. 56, 43 South. 808; Walker v. State, 142 Ala. 7, 39 South. 242; Johnson v. State, 141 Ala. 7, 37 South. 421, 109 Am. St. Rep. 17.

[2, 3] The order of the judge, from which this appeal is prosecuted, was therefore void, and will not support an appeal. Grantham v. State, supra; Patton v. State, supra; Walker v. State, supra; Porter & Co. v. Godfrey et al., 14 Ala. App. 567, 70 South. 204, and authorities therein cited.

Appeal dismissed.