(84 South. 738)

PICKENS et al. v. CLARK.    (1 Div. 96.)

(Supreme Court of Alabama.    Dec. 18, 1919.)

1. EQUITY ☞415 — DECREE OF COURT WITHOUT JURISDICTION IS VOID.

A decree by a circuit court relative to lands lying in another county *held* void as without jurisdiction under Acts 1915, p. 279, providing for the consolidation of certain courts of named counties.

2. EQUITY ☞430(2)—DECREE VOID FOR WANT OF JURISDICTION MAY BE VACATED BY COURT RENDERING IT AT ANY TIME.

Where a decree void for want of jurisdiction has been rendered, the court rendering it possesses inherent power, and should on motion vacate the decree; it is a nullity, and the court may at any subsequent term vacate it.

3. EQUITY ☞222—THAT BILL PRAYS UNWARRANTED RELIEF DOES NOT RENDER IT DEMURRABLE WHERE OTHERWISE SUFFICIENT.

Where a petition in a suit to set aside a decree for want of jurisdiction prays without warrant that it be adjudged that complainant has good title, such fact does not render the bill demurrable where it is in other respects entirely sufficient and contains the proper prayer.

Appeal from Circuit Court, Mobile County; Claud A. Grayson, Judge.

Bill by James K. Clark, Sr., against Viva A. Pickens and others to review a decree rendered and for other relief. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill in this case was filed by James K. Clark, Sr., in the circuit court of Mobile county to have set aside and held for naught a certain final decree rendered in said court on April 19, 1917, in favor of appellants here against James K. Clark, Sr., James K. Clark, Jr., and others, all of whom were nonresident respondents. The bill shows that the final decree here sought to be vacated was rested upon a bill filed by the respondents in this cause against the complainant and other nonresidents, on May 5, 1916, in the chancery court for the Thirteenth district of the Southwestern chancery division, sitting at Mobile, alleging the peaceable possession on the part of complainants in that suit of certain lands situated in Baldwin county, Ala., and was filed under the statute to quiet title to said land. On February 21, 1917, a decree pro confesso was entered against this complainant, and on April 19, 1917, a final decree was rendered in said cause. The bill contains appropriate averments to the effect that complainant had a meritorious defense to said suit, setting out the same, and further alleges that the Mobile circuit court had no jurisdiction over said cause, but said jurisdiction was in the circuit court of Baldwin county, where the land is situated.

The demurrer to the bill was overruled, from which decree the respondents prosecute this appeal.

Gaillard, Mahorner & Arnold, of Mobile, for appellant. A bill of review assumes that the court had jurisdiction to act, and therefore want of jurisdiction of the decree sought to be reviewed is not ground for a bill. 108 Tenn. 638, 69 S. W. 732; 2 Tenn. Chan. 703; 16 Cyc. 529. By analogy, see

---

161 Ala. 669; 160 Ala. 202, 49 South. 412; 129 Ala. 305, 30 South. 574. The land involved lies in Baldwin county, and the jurisdiction was in the circuit court of that county. Acts 1915, p. 279. In the alternative, it appears that Chancery Rule 22 and section 3104, Code 1907, were complied with. 201 Ala. 454, 78 South. 832; sections 3170–3173, Code 1907.

Smiths, Young & Leigh, of Mobile, for appellee. The intention of the act (Acts 1915, p. 279) was that all matters were consolidated into the circuit, and no other court has jurisdiction. 200 Ala. 440, 76 South. 372. No jurisdiction of the person of complainant was had in this cause. Acts 1915, 604. If the decree was void, the court can and should vacate; 200· Ala. 440, 76 South. ·372; 128 ·Ala. 649, 30 South. 630; 3 Stewart, 288; 9 Ala. 339; 5 Ala. 562; 18 Ala. 619; 30 Ala. 83; 80 Ala. 247; 90 Ala'. 462, 8 South. 36. Under the prayer for general relief, the decree should be set aside. 110 Miss. 805, 71 South. 1. The bill was not multifarious. Section 3095, Code 1907; 76 Ala. 151.

GARDNER, J. Prior to Acts of 1915, p. 279, the Thirteenth district of the Southwestern chancery division was composed of Mobile and Baldwin counties; and by the provisions of said act the chancery court of Baldwin county was consolidated into the circuit court of said county. By the consolidating act above referred to it was provided:

"That all the papers, books, files and records of every kind belonging to, or on file in any court hereby consolidated into the circuit court shall be transferred to and become a part of the papers, files, books and records of the circuit court and all causes, or proceedings of every kind pending in any court hereby consolidated into the circuit court shall proceed to final judgment therein as though they had been begun in the circuit court in the first instance." Section 3.

There was, of course, prior to this act a chancery court for Baldwin county, which was, however, for convenience, held at Mobile; and by the express provisions of the foregoing act all causes pending in said chancery court of Baldwin county were to be transferred to, and become a part of, the records and files of the circuit court of said county, which had been consolidated with said chancery court. Section 4 of the act provides for the issuance of process by the clerk or register of the circuit court as to pending causes, and for a perfect exemplification and record of said causes in the circuit court.

The bill in the present case shows that the final decree here sought to be vacated was rendered upon a bill filed against this complainant and other nonresidents concerning the quieting of title to real estate situated in Baldwin county, which suit was pending in said chancery court of said county at the time the consolidating act became effective, to wit, at midnight of January 14, 1917. Ex parte City Bank & Trust Co., 200 Ala. 440, 76 South. 372. The bill also shows that subsequent to said change a decree pro confesso was rendered by the circuit court of Mobile county, and a final decree rendered in the cause by said court on April 19, 1917.

Under the express provision of the above-cited act, the cause should have been transferred to the circuit court of Baldwin county. It must be assumed that the Legislature had cognizance of this situation, and intended precisely what they have so plainly stated in the language of the act.

[1] The circuit court of Mobile county was, for the reasons above disclosed, without jurisdiction of said cause, and the decree rendered was therefore void. Patton v. State, 160 Ala. 111, 49 South. 809; L. & N. R. R. Co. v. Grant, 153 Ala. 112, 45 South. 226; Kidd v. Burke, 142 Ala. 625, 38 South. 241; Ex parte City Bank & Trust Co., supra. Indeed, that the decree is void is not a controverted question on this appeal. Counsel for appellants concede the invalidity thereof, but insist that the bill in this case is styled as a bill of review, and that such a bill will not lie to call in question a void judgment or decree, citing in support of such contention Donaldson v. Nealis, 108 Tenn. 638, 69 S. W. 732.

[2] This presents, however, a matter entirely immaterial and not necessary to be here considered. The bill is filed in the circuit court of Mobile county, in which court a void decree was rendered affecting the rights of this complainant, and that court is the proper court·to vacate the same, it matters not in what manner the bill may be styled by the pleader, or what label it may bear. It is properly filed in the proper court, and states all essential facts for relief.

"It is well settled that, where a decree, void for want of jurisdiction, has been rendered, the court rendering it possesses inherent power, and should on motion vacate said decree. It is a nullity, and the court may at any subsequent term vacate it." Chamblee v. Cole, 128 Ala. 649, 30 South. 630; Sweeney v. Tritsch, 151 Ala. 242, 44 South. 184; Hobson Starnes Coal Co. v. Alabama Coal & Coke Co., 189 Ala. 481, 66 South. 622; Ex parte City Bank & Trust Co., supra.

[3] The fact that complainant, in addition to the appropriate prayer, also prayed that it be adjudged that he has a good title, does not render the bill demurrable because he seeks this unwarranted relief; the bill in other respects being entirely sufficient and containing the proper prayer. Wilks v. Wilks, 176 Ala. 151, 57 South. 776.

203 ALA.—35

The demurrer was properly overruled, and the decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.