(88. South. 563)

## THORNHILL v. COWART. (8 Div. 341.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Prohibition** ⊜—5(1)—**Writ proper to test right of justice of the peace to exercise functions.**

Prohibition, affording a speedy determination of questions involving the public interest, is a proper remedy to test respondent's right to discharge the functions of a justice of the peace, which right depends on the correct construction of pertinent acts of the Legislature.

2. **Justices of the peace** ⊜—2—**Justices are constitutional officers, but Legislature may provide for inferior court in their place.**

Justices of the peace, not exceeding two in each precinct, are constitutional officers, under Const. 1901, § 168, but, under that section, in certain conditions, the Legislature may provide by law for an inferior court in lieu of justices of the peace.

3. **Justices of the peace** ⊜—2—**Office held not abolished pursuant to Constitution in precinct of county.**

Loc. Acts 1919, p. 194, creating the county court of Morgan, and conferring on it civil jurisdiction in all cases where the amount involved does not exceed $1,000, not purporting in terms to create a court in lieu of justices of the peace in precinct 19 of the county, pursuant to Const. 1901, § 168, did not abolish justices of the peace, and deprive the justice in such precinct of his office.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Petition for writ of prohibition by R. W. Cowart to prevent J. A. Thornhill from exercising the powers and duties of a justice of the peace. From decree granting the petition, respondent appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 450. Reversed and rendered.

G. O. Chenault, of Albany, for appellant.

If respondent was not an officer, as alleged in the petition, then prohibition is not the remedy. 32 Cyc. 600, 620; 22 R. C. L. par. 18; 131 Ala. 670, 29 South. 191; 134 Ala. 549, 33 South. 339. Prohibition is not appropriate to try title to office. 32 Cyc. 620; 145 Ala. 536, 40 South. 122. The office of justice of peace is constitutional, and cannot be abolished, except by the substitution therefor of an inferior court of like jurisdiction. Section 168, Const. 1901; 159 Ala. 124, 48 South. 849; 15 Ala. App. 394, 73 South. 657; 142 Ala. 355, 38 South. 752. Acts 1919, p. 136, repealed the exception, grafted upon section 4367, Code 1907, by Acts 1915, p. 122, and therefore revised the general law. 26 A. & E. Enc. of law, 745, 760; 36 Cyc. 1099; 25 R. C. L. 932, and authorities supra.

Tennis Tidwell, of Albany, for appellee. No brief came to the Reporter.

SAYRE, J. This cause originated in a petition by appellee, Cowart, to the Morgan county court for a writ of prohibition, or other appropriate writ, directed to appellant, Thornhill, and prohibiting him from acting as a justice of the peace in the trial of an action against appellee for the recovery of the sum of $50 as damages for an alleged tort. Judgment went for the petitioner, and respondent, Thornhill, has appealed.

[1] Appellant's right to discharge the functions of a justice of the peace in precinct 19 of Morgan county is involved, and that right depends upon the correct construction of pertinent acts of the Legislature. Prohibition, affording a speedy determination of questions involving public interests, is a proper remedy in such cases. Ex parte Roundtree, 51 Ala. 42.

[2, 3] Justices of the peace, not exceeding two in each precinct, are constitutional officers. Const. 1901, § 168. But in certain conditions the Legislature may provide by law for an inferior court in lieu of justices of the peace (section 168, supra), and in 1915 the Legislature passed an act creating an inferior court in lieu of justices of the peace in precinct 19 of Morgan county, wherein appellant is now exercising jurisdiction. Thereafter there was no authority of law for justices of the peace in precinct 19. But in 1919, September 12th, the Legislature repealed the act creating an inferior court in lieu of justices of the peace in precinct 19. Local Acts, p. 136. The passage of this repealing act, without more, created a vacancy in the office of justice of the peace, and appellant was appointed by the Governor to fill the vacancy pending an election. Appellant now holds his commission in virtue of this appointment. But at the same session of the Legislature, September 24, 1919 (Loc. Acts, p. 194), an act was passed creating the county court of Morgan, and conferring upon it civil jurisdiction in all cases where the amount involved does not exceed $1,000. Local Acts, p. 194. We have no brief for appellee, but we presume that this last-mentioned act was held to satisfy the constitutional requirement of justices of the peace or an inferior court in lieu thereof. At least, nothing other has occurred to us. But we think this suggestion, though it has seemed worthy of consideration, will not suffice to sustain the judgment against appellant. The civil jurisdiction conferred upon the Morgan county court includes all jurisdiction of justices of the peace. But the act does not purport in terms to create a court in lieu of justices of the peace in precinct 19. On the contrary, it provides for appeals from justices of the peace without excluding precinct 19 from the operation of such provision. In like manner provision is made for the issue of warrants by justices of the peace returnable

to the county court. The Morgan county court is therefore not an inferior court in lieu of justices of the peace within the meaning of section 168 of the Constitution. No good reason occurring to us why appellant should not be allowed to exercise the office of justice of the peace in precinct 19 of Morgan county, our judgment is that the writ of prohibition was erroneously awarded. Judgment will be here rendered, dismissing appellee's petition.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.