### BROWN v. STATE. (8 Div. 124.)

(Court of Appeals of Alabama. June 5, 1923.)

1. Criminal law ⬳90(2)—Local statute held to deprive justice of "jurisdiction" of misdemeanor cases.

Loc. Acts 1919, p. 202, § 1, providing that the jurisdiction of justices of the peace in Morgan county in all criminal causes, except as committing magistrates in felony cases, be abolished, takes away from the justices of the peace jurisdiction in misdemeanor cases, jurisdiction meaning, where applied to justices of the peace, power and authority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

2. Criminal law ⬳84(1)—Statute permitting justices to issue warrants held repealed.

Loc. Acts 1919, p. 194, § 21, providing that justices of the peace of Morgan county shall have authority to issue warrants returnable to said court, held repealed by Loc. Acts 1919, p. 202, § 1. providing that the jurisdiction of justices of the peace in Morgan county, in all criminal cases except as committing magistrates in felony cases, be abolished.

3. Criminal law ⬳979(1)—Judgment based on warrant issued by justice of the peace without jurisdiction void.

Where a justice of the peace of Morgan county issued a warrant returnable to the Morgan county court, based upon an affidavit made before him in a misdemeanor prosecution for violating the prohibition law, and the justice had no jurisdiction to issue such warrant or to take the affidavit, the process upon which defendant was tried was coram non judice and void, and would not support a judgment of conviction.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Sam Brown was convicted of violating the prohibition law, and appeals. Reversed and rendered.

S. A. Lynne, of Decatur, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The process in this case was a warrant issued by a justice of the peace of Morgan county, returnable to the Morgan county court, based upon an affidavit made before the justice of the peace.

The insistence is here made that the process is void and will not support a conviction for the reason that, under the statutes as applicable to Morgan county, a justice of the peace is without power to issue the process upon which defendant was brought to trial.

Section 21 of the act of the Legislature creating the Morgan county court, approved September 24, 1919 (Local Acts, 1919, p. 194), provides that:

"Justice of the peace of Morgan county * * * shall have authority to issue warrants returnable to said court," etc.

And section 1 of an act approved September 26, 1919 (Local Acts 1919, p. 202), provides that:

"The jurisdiction of justices of the peace * * * in Morgan county, Alabama, in all criminal causes, except as committing magistrates in felony cases be, and the same is hereby abrogated and abolished."

[1] Jurisdiction of a cause means jurisdiction of all proceedings connected therewith from the filing of the complaint till the satisfaction of the judgment. Comstock Mill & M. Co. v. Allen, 21 Nev. 325, 31 Pac. 434; In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843. When jurisdiction refers to courts, it undoubtedly means: "The power to hear and determine," but where its application is to certain named officers, such as justices of the peace, it means "power," "authority." Hence, in the act of September 26th, supra, the power or authority in misdemeanor cases is taken away from justices of the peace. Lee v. State, 143 Ala. 93, 39 South. 366.

[2] The act of September 26th, supra, being in direct conflict with section 21 of the act approved September 24th, supra, we are bound to hold that section 21 of said act is repealed, as is also the general law on the subject, as applicable to Morgan county. 11 Michie's Digest, 1102, par. 103.

[3] It would therefore appear that the justice of the peace was without authority to issue the process, through and by which the defendant in this case was put upon his

trial. The justice of the peace being without jurisdiction to issue the warrant· or to take the affidavit, the process upon which he was tried was coram non judice and void. Being void, it will not support a judgment of conviction. Ex parte Thurman, 17 Ala. App. 656, 88 South. 61.

The judgment of the trial court is reversed, and, as the statute of limitations has already barred another prosecution, a judgment is here rendered discharging the defendant.

Reversed and rendered.