**JOHNSON v. STATE.    (8 Div. 121.)**

(Court of Appeals of Alabama.    April 8, 1924.)

1. **Criminal law** ⊚⟹207(3)—Justices of particular county held without authority to issue warrants returnable to county court.

Under Loc. Acts 1919, p. 202, § 1, justices of the peace of Morgan county are without authority to issue warrants of arrest in misdemeanor cases returnable to the Morgan county court.

2. **Criminal law** ⊚⟹789(16)—Instruction held erroneous as requiring conviction, though jury not convinced of guilt beyond reasonable doubt.

Charge that, "if you believe from the evidence in this case that the defendant is guilty, it would be your duty to convict her, although you believe it possible that she is not guilty," *held* erroneous, as requiring conviction, though jury not convinced of guilt beyond reasonable doubt.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Sue Johnson was convicted of violating the prohibition law, and she appeals. Reversed and remanded.

S. A. Lynne, of Decatur, for appellant.

The affidavit was void and could not support a conviction. Brown v. State, ante, p. 256, 96 South. 726; Butler v. State, 130 Ala. 127, 30 South. 338. The charge authorizing the jury to convict, though they may not have believed the evidence beyond a reasonable doubt was erroneous. Townsend v. State, 137 Ala. 91, 34 South. 382; Campbell v. State, 170 Ala. 55, 54 South. 107; Smith v. State, 4 Ala. App. 678, 59 South. 190.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J.    [1] The appellant was convicted of violating the prohibition law. The prosecution was instituted by affidavit made before a justice of the peace of Morgan county, charging the defendant with selling or disposing of prohibited liquors, and warrant of arrest issued returnable to the Morgan county court. Justices of the peace of Morgan county are without authority to issue warrants of arrest in misdemeanor cases returnable to the Morgan county court. Local Acts 1919, p. 202, § 1; Brown v. State ante, p. 256, 96 South. 726.

[2] The court gave the following charge, requested in writing by the state:

"I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the defendant is guilty it would be your duty to convict her, although you believe it possible that she is not guilty."

This instruction was faulty, in that it required the conviction, although the jury may not have believed from the evidence beyond a reasonable doubt that the defendant was guilty. Campbell v. State, 170 Ala. 55, 54 South. 107; Townsend v. State, 137 Ala. 91, 34 South. 382; Jackson v. State, 106 Ala. 12, 17 South. 333; Carr v. State, 104 Ala. 4, 16 South. 150.

It will serve no useful purpose to review the other questions presented. For the error indicated, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.