(99 South. 839)

POLYTINSKY v. JOHNSTON.  (8 Div. 640.)

(Supreme Court of Alabama.  April 10, 1924.)

1. Appeal and error ⟜761—Assignments raising kindred questions may be presented under same argument.

Several assignments of error raising kindred questions may be presented under same argument.

2. Evidence ⟜179(2)—Secondary evidence of contents of book which defendant refused to produce authorized.

In action for conversion of cotton on which plaintiff had landlord's lien, secondary evidence of contents of book showing defendant's purchase of cotton from plaintiff's tenant *held* authorized by defendant's failure or refusal to produce book on plaintiff's demand, if contents were relevant and material to issues.

3. Evidence ⟜121(3)—Evidence of contents of book, showing purchase of cotton subject to landlord's lien held admissible.

In action for conversion of cotton on which plaintiff had landlord's lien, secondary evidence of contents of book kept by defendant's direction, showing defendant's purchase of cotton from plaintiff's tenant, *held* properly admitted as basis of reasonable inference of admission of res gestæ; not being offered and admitted under Code 1907, § 4003.

4. Landlord and tenant ⟜252(5)—Testimony as to ownership of nearby land by purchaser of cotton subject to landlord's lien held competent in action for conversion.

In action for conversion of cotton on which plaintiff had landlord's lien, testimony as to defendant's ownership of land across road from plaintiff's farm, on which tenant from whom cotton was purchased by defendant lived, *held* competent as basis for inference that defendant had notice that seller was plaintiff's tenant.

5. Evidence ⟜121(9)—Seller's statement to purchaser of cotton that he lived on another's place held admissible as res gestæ in latter's action for conversion.

In action for conversion of cotton on which plaintiff had landlord's lien, testimony that tenant from whom defendant bought it, stated in answer to defendant's question at time of purchase as to whether he still lived on plaintiff's place, that "he lived there this year," *held* admissible as part of res gestæ, as tending to show opportunity for knowledge of former tenancy, which was being extended to time of sale.

6. Trial ⟜142—General affirmative charge improper, if any evidence reasonably affords inference adverse to applicant.

If there is any evidence reasonably affording inference adverse to party asking general affirmative charge, such instruction should not be given.

7. Landlord and tenant ⟜252(5)—Whether purchaser of cotton from tenant was put on inquiry as to whether it was landlord's held for jury.

In action for conversion of cotton on which plaintiff had landlord's lien, whether defendant

purchasing it from tenant was put on inquiry as to whether it was plaintiff's *held* for jury, irrespective of whether lien was evidenced by notes and mortgage or county in which cotton was grown.

**8. Evidence ☞25(1), 29—Judicial knowledge of county seat and establishment of county court at different place by local act.**

Court takes judicial knowledge that Decatur is county seat of Morgan county and that Morgan county court, with jurisdiction of action for conversion of cotton subject to landlord's lien, was established by Local Acts 1919, p. 194, for geographic division of county, to be held at Hartsells.

**9. Courts ☞74, 75—Must be held at time and place provided by law.**

Courts must be held at time and place provided by law.

**10. Appeal and error ☞112—Judgment ☞10, 11—Judgment rendered by court held at unauthorized time or place void for want of jurisdiction and appeal dismissed.**

Judgment rendered by court, held at time or place not authorized by law, is void for want of jurisdiction, and appeal therefrom will be dismissed.

**11. Constitutional law ☞46(2)—Act alleged unconstitutional to prevent affirmance of void judgment, examined though not properly presented.**

Loc. Acts 1919, p. 194, establishing Morgan county court at Hartsells, which is not county seat, will be examined for constitutional infirmity pointed out in brief of appellant asserting unconstitutionality to prevent affirmance of void judgment, though such question may not be presented by mere request for affirmative charge by appellant.

**12. Courts ☞74—Legislature may create separate divisions of county court to be held at different points in county.**

Legislature, complying with constitutional requirements, had power to create and provide for separate divisions of Morgan county court to be held at different points in county, as provided by Loc. Acts 1919, p. 194, §§ 34–40.

**13. Statutes ☞8½(2)—Local act establishing separate divisions of county court held not unconstitutional as to notice of proposed act.**

Loc. Acts 1919, p. 194, §§ 34–40, providing for separate divisions of Morgan county court to be held at different points in county, *held* not offensive to Const. § 106, as to notice of proposed local act.

**14. Statutes ☞107(10)—Title of act creating separate divisions of county court held not duplicitous.**

Title of Loc. Acts 1919, p. 194, creating Morgan county court and establishing division thereof at Hartsells, *held* not duplicitous.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by J. D. Johnston against A. Polytinsky, to recover damages for the conversion, wrongful taking, or the destruction of a lien

upon a bale of cotton. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Wert & Hutson, of Decatur, for appellant.

Where there is no evidence of its correctness, a book is inadmissible. White v. Bean, 16 Ala. App. 330, 77 South. 924; 10 R. C. L. 1176. Courts must be held at the place provided by law. 7 R. C. L. 992.

Sample & Kilpatrick, of Hartsells, for appellee.

Evidence with reference to defendant's cotton book was properly admitted. 22 C. J. 889; Gulf Red Cedar Co. v. Crenshaw, 188 Ala. 606, 65 South. 1010. The trial court will not be put in error 'for refusing the affirmative charge not in form. Boshell v. Cunningham, 200 Ala. 579, 76 South. 937; Goldstein v. Leake, 138 Ala. 573, 36 South. 458; Life & Cas. Co. v. Harris, 18 Ala. App. 667, 94 South. 185. Constitutionality of the act authorizing the court to be held at Hartselle cannot be raised by a request .for the affirmative charge; and, if the judgment be void, the appeal should be dismissed. The act is not invalid. McGehee v. State, 199 Ala. 287, 74 South. 374; Ensley v. Cohn, 149 Ala. 316, 42 South. 827; McCreless v. Tenn. Valley Bank, 208 Ala. 414, 94 South. 722.

THOMAS, J. [1, 2] Counsel for appellant present several assignments of error raising kindred questions under the same argument. This they may do. Sovereign Camp v. Craft (Ala. Sup.) 99 South. 167.[1] In effect, they are that reversible error was committed in admitting, over defendant's objection, and in refusing to exclude, evidence "regarding the books kept by appellant" (defendant) "and specifically that part showing a purchase" (of a bale of cotton) "from O. C. Hood." It is insisted that defendant's cotton book could not be looked to as tending to prove the alleged purchase of the bale of cotton from Hood, for the reason that defendant could neither read nor write. It was admitted that defendant could not read or write.

Defendant admitted that he kept a cotton book in which was entered each day's business in the names of the respective persons from whom he had purchased cotton, the amount, weight, and price paid therefor. Demand was made on defendant to produce his cotton book, and the failure or refusal to comply with such demand authorized secondary evidence of its contents, if the alleged contents be relevant and material evidence under the issue of fact being tried.

[3] Plaintiff was permitted to testify that after the loss of the bale of cotton he went to defendant's place of business and was shown defendant's cotton book by his book-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 210 Ala. 683.

keeper; that the book showed the purchase of the said bale of cotton from O. C. Hood on October 7, 1922, and the price paid therefor. The reason or predicate for the introduction of the evidence in question was thus stated by the plaintiff as a witness in his own behalf:

"The next morning I went back to defendant's place of business, and saw the defendant, A. Polytinsky, and told him that I saw on the books that he had bought a bale of cotton from O. C. Hood. The defendant, A. Polytinsky, went to his books, and his bookkeeper turned to the book which she had shown me, and showed him the item, and he said, 'Yes; I paid him for a bale of cotton on the 7th.' His bookkeeper turned to the same book which she had shown me, and gave Mr. Polytinsky this information. I then asked Mr. Polytinsky if he wanted to pay me for this cotton, stating to him that O. C. Hood owed me for rent. He said, 'No; I have bought and paid for it once, and I do not want to pay for it again.' I then told him that I would have to bring suit for it, and he said, 'All right, go ahead.' This book that the bookkeeper showed me was the same book that she referred to when Mr. Polytinsky asked her about buying Hood's cotton, and it was a cotton book in which was entered the names of the various parties from whom Mr. Polytinsky had bought cotton, and following each name was the amount of cotton purchased, the price paid for same, the date of the purchase, weight of the cotton."

The record then recites:

"The witness testified further: The books showed under date of October 7, 1920, 'O. C. Hood 1 B/c 550 lbs. $23.55......129.52.'"

There was no error in admitting the secondary evidence in question. The entry of the purchase of a bale of cotton from Hood, contained in defendant's book entry and made the subject of this inquiry, amounted to, or was the basis of, the reasonable inference of an admission of a most solemn character of the res gestæ of the conversion, since the cotton book was kept by the direction of defendant. Britton v. State, 77 Ala. 202; L. & N. R. Co. v. McGuire, 79 Ala. 395; Gulf Red Cedar Co. v. Crenshaw, 188 Ala. 606-610, 65 South. 1010; 22 C. J. p. 889, § 1083, p. 891, § 1085. This evidence was not offered and admitted under section 4003 of the Code of 1907, but as an admission of the defendant, after inspection or reference to the cotton book through his bookkeeper, of the fact that he had purchased a bale of cotton from Hood of the amount and price indicated; and it was purchased from plaintiff's tenant Hood (as the other evidence tends to show), with a knowledge or notice of that tenancy for the year in which the cotton was grown.

[4, 5] The argument, in support of the assignment of error challenging the question "Does the defendant own land across the road from your farm upon which C. O. Hood lived in 1920?" and the answer, "He does,"

scarcely comes within the requirement of the rule. Johnson v. State, 152 Ala. 93, 44 South. 671; Republic, etc., Co. v. Quinton, 194 Ala. 126, 69 South. 604; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158. However, we will say that testimony, with other evidence, was competent as a basis for the inference that defendant had notice that Hood was plaintiff's tenant during the year in question, and that therefore the bale of cotton purchased by defendant was subject to the superior title of the landlord, and that Hood might have had only a lien thereon. Crow v. Beck, 208 Ala. 444, 94 South. 580. This witness had testified that he was with Hood when defendant was looking at the cotton as it was upon Hood's wagon, when defendant asked Hood "if he still lived on Dr. Johnston's place," and that he was told that "he lived there this year." The question and answer were permitted in evidence as tending to show opportunity for knowledge of a former tenancy that was being extended to the time of the sale and was a part of the res gestæ of the sale and conversion of plaintiff's cotton.

[6] If there is any evidence reasonably affording an inference adverse to the right of the party asking the general affirmative charge, or from which the jury might draw such adverse inference, such an instruction should not be given. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135.

[7] It is insisted that the affirmative charge in question, "if you believe the evidence you will find for the defendant," is within the rule applied in Boshell v. Cunningham, 200 Ala. 579, 76 South. 937, and Goldstein v. Leake, 138 Ala. 573, 36 South. 458. However this may be, the charge was sought to be made to extend to all counts of the complaint, and will be so considered by us. It is immaterial whether Dr. Johnston's lien or right as landlord for rent and advances was evidenced by and in the form of notes and mortgage, or whether the cotton was or was not grown in Morgan county. The evidence showed that it was raised by Hood on the lands of plaintiff, who had the landlord's title or lien, and that Hood had lived on the same lands for some years, which was known by the defendant, or there was evidence from which this inference might be drawn; that defendant owned a farm or land adjacent to plaintiff's land, or across the road therefrom, and that when the defendant was negotiating for the purchase of the cotton on the wagon he inquired of the tenant whether he still lived on plaintiff's land, and was informed that such was the fact. This was sufficient to put defendant on inquiry whether the cotton was plaintiff's; or such, at least, was the reasonable presumption of fact that the jury might draw from all the evidence. A jury question was presented.

[8, 9] It is further insisted in argument

that the affirmative charge should have been given the defendant on the ground that the record shows the trial was in the Morgan county court at Hartsells, when the county site of that county is Decatur. Of this fact, and of the further fact that such court, having jurisdiction of such causes of action, was established for the geographic division of the county to be held at Hartsells, the court takes judicial knowledge (Hodge v. Joy, 207 Ala. 198, 201, 92 South. 171; Rodgers v. State, 50 Ala. 102; Lindsay v. Williams, 17 Ala. 229); that is to say, if the Local Act of 1919 (Acts, p. 194) is not subject to constitutional infirmity. It is hornbook law that courts must be held at the time (K. C., etc., Co. v. Randolph [Ala. Sup.] 39 South. 920; Walker v. State, 142 Ala. 7, 39 South. 242; Boynton v. Wilson, 46 Ala. 501; Simpson v. McDaniel, 42 Ala. 458) and place provided by law. Patton v. State, 160 Ala. 111;[2] 7 R. C. L. p. 992, § 21; 15 C. J. "Time," p. 877, § 223, and "Place," p. 895, § 264 et seq.

[10] A judgment rendered by a court attempted to be held at a time or place not authorized by law is void for want of jurisdiction, and will not support an appeal; and an appeal taken therefrom will be dismissed. Patton v. State, 160 Ala. 111, 49 South. 809; Kidd v. Burke, 142 Ala. 625, 38 South. 241; Pickens v. Clark, 203 Ala. 544, 84 South. 738; Ex parte City Bank & Trust Co., 200 Ala. 440, 76 South. 372; Ex parte Branch & Co., 63 Ala. 383; State v. Thurman, 17 Ala. App. 656, 88 South. 61, certiorari denied in Ex parte State ex rel. Smith, Atty. Gen. (State v. Thurman), 205 Ala. 677, 88 South. 899.

[11] The mere request for the affirmative charge by the defendant may not present for decision the question of the constitutionality of the Act of 1919 (Acts, p. 194) establishing the county court of Morgan county; the fact of its unconstitutionality being pressed upon the consideration of this court to prevent an affirmance of a void judgment requires that said act be examined for the constitutional infirmity pointed out in brief of appellant's counsel.

Provisions of the act of September 24, 1919 (Local Acts, pp. 194–201) were construed by this court in Thornhill v. Cowart, 205 Ala. 455, 88 South. 563, and it was declared that it did not "purport in terms to create a court in lieu of justices of the peace in precinct 19"; and the court adverted to the fact that provisions are made for "appeals from justices of the peace without excluding precinct 19 from the operation of such provisions." So, also, that provision is made for the issue of warrants by justices of the peace returnable to the county court. It is true that in that case the decision was provoked by petition for writ of prohibition to prevent Thornhill from exercising the powers and duties of a justice of the peace in said precinct.

[12, 13] The parts of the act providing for the term or division, etc., of said court at Hartsells are sections 34–40. The Legislature had the power (constitutional requirements being complied with) to create and provide for separate divisions of the court to be held, respectively, at different points in the county. McCreless v. Tenn. Valley Bank, 208 Ala. 414, 415, 94 South. 722, and authorities. Appellant's counsel invoke the court especially to consider whether the provision of section 106 of the Constitution, for notice of a proposed local act, etc., has been complied with.

In McGehee v. State ex rel. Tate, 199 Ala. 287, 289, 290, 74 South. 374, 375, it is said:

" 'The Constitution does not proceed upon the theory that all the details of every proposed law will be worked out in advance and without the aid of legislative wisdom. It requires only that the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features.' Christian v. State, 171 Ala. 52, 54 South. 1001.

"A narrow and literal construction would destroy all power of amendment in the legislative process, so that the Legislature would be required to accept, if at all, every local bill in the exact terms of its proposal. Not being inclined to hamper legislation unnecessarily, this court has held that the Constitution was not intended to interfere with the right of the Legislature to shape up and work out the details of local legislation. Ensley v. Cohn, 149 Ala. 313, 42 South. 827; State v. Williams, 143 Ala. 501, 39 South. 276; State ex rel. Hanna v. Tunstall, 145 Ala. 477, 40 South. 135."

The objections to the local law construed in the McGehee Case, supra, and set out in the opinion of Mr. Justice Sayre, are:

"It failed to give notice that the act proposed would abolish the office held at the time by appellant, viz. the office of notary public exercising the powers and jurisdiction of a justice of the peace in and for precinct 9, a precinct lying partly within the incorporated city of Birmingham; it failed to give notice that the act proposed would abolish the office of constable for said precinct 9; said notice failed to show that the court to be created by the act would have jurisdiction of all civil cases where the amount in controversy did not exceed $100, except in cases of libel, slander, assault and battery, and ejectment, whereas the act does purport to confer such jurisdiction, including, as appellant construes it, jurisdiction of equity causes not involving amounts in excess of $100; the notice was no notice, since it showed a purpose to apply for the passage of an act that would be unconstitutional for the reason that it would contravene subdivision 21 of section 104 of the Constitution, providing that the Legislature shall not pass any local law 'increasing the jurisdiction and fees of justices of the peace or the fees of constables.' "

The decision on this feature of the act and notice given in that case was:

---

[2] 49 South. 809.

"The court is of opinion that none of the foregoing objections to the act afford sufficient reason for declaring it unconstitutional."

A reference to the House Journal (1919), p. 998, discloses that the notice given was:

"Notice is hereby given, that a bill will be introduced at the present session of the Legislature of Alabama to establish in and for Morgan county, Alabama, a court to be called the Morgan county court, to create and define its jurisdiction; to provide for its officers, their powers, duties and compensation; to fix the terms of said court; to provide for the transfer of all misdemeanors now on the circuit court docket in said county to said court, and for the transfer to said court of all misdemeanor cases which may hereafter be returned by indictment into the circuit court; and to provide for the transfer by agreement of parties all civil suits pending on said docket where the amount involved does not exceed the jurisdiction of said court; and to prescribe rules and procedure for said court."

The foregoing notice was duly accompanied by affidavit showing compliance with requirements as to publication, etc.; and by said House Journal it appears that amendments (sections 34 to 40 of the act) were added. This notice gave the nature of the proposed court, its jurisdiction and powers, and left the Legislature to provide for the details —as its divisions, terms, and places at which the court should convene. The act was not offensive to section 106 of the Constitution as to the notice given. Decisions adverting to provisions of said act are Thornhill v. Cowart, 205 Ala. 455, 88 South. 563; McMillan v. State, 18 Ala. App. 118, 90 South. 56, and Brown v. State (Ala. App.) 96 South. 726.[3] See Polytinsky v. Wilhite, ante, p. 94, 99 South. 843, as to §§ 45 and 105 of Constitution.

[14] To the same end, separate acts seeking to abolish notaries public were adopted and approved. Local Acts 1919, pp. 136, 137, 202, 203. The validity of the latter enactments is not challenged or presented by this appeal. The present suit originated in the county court of Morgan county, and was tried at Hartsells, without the question of venue being controverted. There is no duplicity in the title of the act creating said court and establishing its Hartsells division. The right of appeal to the Supreme Court and the Court of Appeals is amply provided in section 24 of said act.

The judgment of the county court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.