DAVIS ET AL. *vs.* THE STATE.

[INDICTMENT FOR SELLING LIQUOR TO A MINOR.]

1. *Indictment and proceedings thereon; when void.*—An indictment found by a grand jury at a term of court held at a time unauthorized by law, is a nullity, and so are all the proceedings thereon. Such an indictment should be quashed, and after conviction thereon, judgment should be arrested on motion.

APPEAL from Circuit Court of Randolph.
Tried before Hon. L. R. SMITH.

The facts are sufficiently stated in the opinion.

C. D. HUDSON, for appellants.
ATTORNEY-GENERAL, *contra*.

PETERS, J.—This is an appeal from a conviction and judgment on an indictment for retailing, purporting to have been found at the spring term, in 1870, of the circuit court of Randolph county, in this State. The record shows that the said indictment was filed in said circuit court on the 12th day of March, 1870. There was a motion to quash said indictment, and also a motion in arrest of judgment, for the reason that said indictment was found at a term of said court not authorized by law.

It is known to this court that the law authorizing a term of said circuit court to be held on the first Monday in March, 1870, had been repealed on the 18th day of February, 1870, by an act of the general assembly of this State, entitled "an act to amend and repeal subdivision ten of section 750 of the Revised Code," approved February 18, 1870.—Pamph. Acts 1869–70, p. 166, No. 159. This act last said appointed the time of holding the spring term of said court on the third Monday in February, and permitted it to continue for two weeks. This could not bring the term of the court up to the 12th day of March in that year. So it was evident that the court was held at a time not appointed by law. When this is the case the proceedings of the court are void.—*Garlick v. Dunn*, 42 Ala. 404; *Wightman v. Karsner*, 20 Ala. 446; *Cullum v. Casey & Co.*, 1 Ala. 351. The indictment ought, therefore, to have been quashed, and the judgment ought to have been arrested. The learned judge in the court below erred in both these particulars.

The judgment of the court below is reversed, but the cause is not remanded, as the proceedings in the court below are void.