# Kidd v. Burke.

### Action of Assumpsit.

1. *Judgment of Elmore circuit court; invalidity thereof.*—A judgment rendered in the circuit court of Elmore county, which is convened at a time fixed by an act creating the 15th judicial circuit, which act is unconstitutional and void, and at a time different from that fixed by law prior to the passage of said act, is void, and an appeal therefrom will be dismissed.

APPEAL from the Circuit Court of Elmore County.
Tried before the Hon. TERRY RICHARDSON.

40c

This was an action brought by the appellee, M. Burke, against the appellant, Louisa V. Kidd, as executrix of the will of H. B. Tulane, deceased, and sought to recover on common counts for money on and received by defendant's testator for the use of plaintiff. There were verdict and judgment in favor of the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved. Under the opinion, it is unnecessary to set out the facts in detail.

GUNTER & GUNTER and F. W. LULL, for appellant.

No counsel marked for appellee.

TYSON, J.—The judgment from which this appeal is prosecuted was rendered by the circuit court of Elmore county on the 7th day of March, 1904. The record discloses that the court convened on the first Monday in March, it being the 7th day of said month. This was the time fixed by the Act creating the fifteenth judicial circuit and the Act known as the "Lusk Bill."—General Act, pp. 488-566. Both of these acts have been recently declared to be unconstitutional.—*Board of Revenue of Jefferson County v. Crow,* 37 So. Rep. 469; *State ex rel. v. Sayre* (in MS.)

The result of these decisions is that the county of Elmore was never legally detached from the counties composing the fifth judicial circuit and that it has all along remained in that circuit. So then, the time fixed for the convening of the spring term of the circuit court in that county was and is on the 8th Monday after the fourth Monday in February, which, in the year 1904, was Monday the 18th day of April.

We have here then a judgment rendered at a time not appointed by law for the holding of the court. When this is the case, the judgment is void for want of jurisdiction. *Ex parte Branch,* 63 Ala. 383; *Davis v. State,* 46 Ala. 80 and cases there cited; *Johnson v. State,* 37 So. Rep. 421; *Walker v. State,* 139 Ala. 56.

It is true, in *Lewis v. The Intendant and Town Council of Gainesville,* 7 Ala. 85, it was, in effect, said that

such judgments were not void and, therefore, could not be attacked collaterally, but in *Wightman v. Karnscr,* 20 Ala. 455, it was pointed out that this was *dictum,* and was there repudiated.

Appeal dismissed.

MCCLELLAN, C. J., HARALSON, DOWDELL, SIMPSON and DENSON, J.J., concuring.