# Brannon *v.* The State.

## *Vagrancy.*

(Decided February 11, 1915.   67 South. 1007.)

1. *Courts; Review; Certiorari.*—The finding of the Court of Appeals that a judgment of conviction was sustained by the evidence will not be reviewed by the Supreme Court on application for certiorari.

2. *Appeal and Error; Invited Error; Instructions.*—A defendant cannot complain of the giving of the general charge in his favor as to one count of the indictment where such charge was given at his request.

3. *Same.*—The fact that the refusal of the court to give a general charge for defendant as to the third count of the indictment was inconsistent with the erroneous giving of the general charge for defendant, at his request, as to the first count was not error of which defendant could complain on appeal.

CERTIORARI to Court of Appeals.

Jim Brannon was convicted of vagrancy and brought his appeal to the Court of Appeals, where the conviction was affirmed.   He brings certiorari to review that judgment and decision of the Court of Appeals.   Writ denied.

(See *Brannon v. The State,* 12 Ala. App. 189, 67 South. 634.)

ALLEN, BELL & SADLER, for appellant.

W. L. MARTIN, Attorney General, for the State.

SAYRE, J.—(1) The first count of the indictment charged in Code form that defendant was a vagrant. The fourth, on which defendant was convicted, charged that he was a keeper, proprietor, or employee of a gambling house.   Evidence under the fourth count went equally as well to support the charge of the first.   The Court of Appeals has found that there was such evi-

[Brannon v. The State.]

dence. We do not review that court on findings of that character. Such has been our ruling consistently followed. We must assume, therefore, that there was evidence to support the verdict.

(2, 3) In the trial court defendant had, on request in writing, the general charge in his favor as to the first count. This was error of which defendant cannot complain. A similar charge as to the third count was refused. In this the trial court was inconsistent, of course, and upon this inconsistency defendant thinks he should have had a reversal at the hands of the Court of Appeals. But we are not of that opinion. If the court had given inconsistent instructions in respect of any one count, there would be some considerable point in the suggestion of error. But each count stood upon its own bottom and constituted a separate and distinct charge. That the court erred in favor of defendant in one instance was no reason why the error should be repeated in the other. The court could not be required or even expected to persist in error. There was nothing wrong in the court's putting itself right as to the fourth count. This may seem rather too plain to need formal statement; but this expression of our view is made as the proper result of our due consideration of the case made on the application for certiorari. If, as defendant contends, he was convicted on evidence insufficient to support the finding, his last resort under the Constitution and the statute creating the Court of Appeals was in that court.

The application for certiorari must be denied.

Certiorari denied. All Justices concur.