(88 South. 899)

Ex parte STATE ex rel. SMITH, Atty. Gen.

STATE v. THURMAN.

(5 Div. 782.)

(Supreme Court of Alabama. April 14, 1921. Rehearing Denied May 12, 1921.)

1. Courts 63—Adjourned term of regular term, held at unauthorized time, illegal.

Under Acts 1903, pp. 181, 182, providing that the regular term of a circuit court should begin on the ninth Monday after the fourth Monday in August, a regular term, beginning on the seventh Monday thereafter, was illegal, as was an adjourned term held the following month.

2. Indictment and information 7 — Indictment found at adjourned term of illegal regular term is nullity.

An indictment, found at an adjourned term of court under a void order therefor, made at a regular term, held at a time not authorized by law, is a nullity.

3. Statutes 63—Conviction at term of court held under unconstitutional act is null and void.

Where a defendant was tried at a term of court held at a time fixed by Acts 1903, p. 488, which act was declared unconstitutional, the conviction and sentence were null and void.

4. Habeas corpus 27—Petitioner, convicted and sentenced at unauthorized term of court under indictment found at term held at unauthorized time, entitled to writ.

One convicted and sentenced at a term of court held under an unconstitutional act, under an indictment returned at an adjourned term of a regular term of court held at a time not authorized by law, should be discharged on writ of habeas corpus.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of J. Q. Smith, Attorney General, for certiorari to Court of Appeals to review and revise the judgment of said court rendered in the appeal of the State of Alabama v. Tom Thurman. The writ was denied without opinion, and on application for rehearing it was denied with opinion. Writ denied.

See, also, 17 Ala. App. 656, 88 South. 61.

Tom Thurman was convicted under an indictment found at a supposed adjourned term of the court, and has served since the 24th day of March, 1904, and he now brings habeas corpus for his enlargement, which being granted by the circuit court and its judgment affirmed by the Court of Appeals, the attorney brings it to the Supreme Court.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

This case is governed by sections 914 and 915, Code 1896. The case was not discontinued. 20 Ala. 9; 26 Ala. 52; 51 Ala. 41; 31 Ala. 270; 71 Ala. 365; 91 Ala. 86, 8 South. 873; 94 Ala. 80, 10 South. 505; 110 Ala. 69, 20 South. 392; 114 Ala. 123, 21 South. 452, 62 Am. St. Rep. 95; 114 Ala. 133, 21 South. 827; 149 Ala. 53, 43 South. 129. The indictment and the order of the court calling the special term at which the indictment was returned were regular and valid upon their face, and do not justify any finding, except that Thurman be remanded to jail to await another trial. Sections 7017, 7018, 7029, 7034, Code 1907; 13 Ala. App. 609, 68 South. 686; 126 Ala. 87, 28 South. 744; 204 Ala. 288, 85 South. 707; 16 Ala. App. 293, 77 South. 443; 77 Ala. 92; 15 A. & E. Enc. of Law, 168. If the opinion of the Court of Appeals is correct, the effect will be to overrule the following cases: 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; 22 South. 902; 126 Ala. 74, 28 South. 741, 30 South. 554; 39 South. 569.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The Supreme Court has held that the act creating the circuit was unconstitutional and void. 142 Ala. 641, 39 South. 240, 4 Ann. Cas. 656; 141 Ala. 126, 37 South. 469. This being true, the petitioner was entitled to discharge. Kidd v. Burke, 142 Ala. 625, 38 South. 241. To be a de facto judge, one must hold the court at a time and place fixed by law. 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; 153 Ala. 37, 45 South. 227; 158 Ala. 31, 48 South. 476; 154 Ala. 52, 45 South. 901; 154 Ala. 64, 45 South. 891; 183 Ala. 620, 62 South. 879; 156 Ala. 43, 47 South. 134; 139 Ala. 56, 35 South. 1011; 42 Ala. 458; 56 Or. 238, 108 Pac. 186.

There has been a discontinuance of the prosecution against this petitioner under this indictment. Sections 3248 and 7153, Code 1907; 40 Ala. 712; 47 Ala. 675; 104 Ala. 93, 16 South. 122; 20 Ala. 9; 79 Ala. 59; 132 Ala. 315, 31 South. 370.

MILLER, J. [1] On October 12, 1903, a regular term of the circuit court of Elmore

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county was begun and held. This was not at the time fixed by law for the regular fall term of that court. The law provided for it to begin "on 9th Monday after fourth Monday in August (in the year 1903, this was October 26th), and may continue two weeks." Acts 1903, pp. 181, 182, approved March 5, 1903. On October 14, 1903, the presiding judge ordered "an adjourned or special term of said court to be held on Monday the 16th day of November, 1903." In the entry on the minutes the judge prescribed the order in which the unfinished business will be transacted. Then the following order was made:

"The business of the court being disposed of, the court now stands adjourned until Monday the 16th day of November, 1903."

Thus it affirmatively appears from the record that the court held on the 16th day of November, 1903, was an adjourned term of the regular term in October, 1903, and not a special term of court. This regular term of the circuit court having been held at a time not authorized by law, it was illegal, and its proceedings are void. Kidd v. Burke, 142 Ala. 625, 38 South. 241; Ex parte Branch, 63 Ala. 383.

The Court of Appeals, 88 South. 61,[1] in its opinion in this case, correctly and clearly says:

"There having been no legal term of the circuit court of Elmore county in session on October 14, 1903, there could be no adjourned term of that session."

The adjourned term was illegal.

[2] The indictment in this case was found by a grand jury at the adjourned term of the circuit court of Elmore county in November, 1903, under the void order for the adjourned term made at the illegal regular term on October 14, 1903. The indictment is therefore a nullity. Davis v. State, 46 Ala. 80; Kidd v. Burke, 142 Ala. 625, 38 South. 241; Garlick v. Dunn, 42 Ala. 404.

[3] The defendant was tried and convicted under this indictment at the spring term, 1904, in the circuit court of Elmore county, at a time fixed by a general act of Alabama (Acts 1903, p. 488, approved October 13, 1903). This act was declared unconstitutional. State ex rel. Atty. Gen. v. Sayre, 142 Ala. 641, 39 South. 240, 4 Ann. Cas. 656. So this court was held at a time not authorized by law. The defendant was tried, convicted, and sentenced under a void indictment, at a term of court held at a time not authorized by law; and his conviction and sentence were therefore null and void. State ex rel., etc., v. Sayre, 142 Ala. 641, 39 South. 240; Kidd v. Burke, 142 Ala. 625, 38 South. 241; Davis v. State, 46 Ala. 80.

[4] The defendant, petitioner in this proceedings, is now in the penitentiary of this state, serving a life sentence under a void indictment, void trial, void conviction, and void sentence. He has been there since 1904. He asks by his petition for writ of habeas corpus to be discharged. The court below granted the petition. This was approved by the Court of Appeals. We find no error therein.

This was an adjourned and not a special term of court, as shown by the record, when the defendant was indicted. Hence there is no necessity for us to approve or disapprove of what the opinion of the Court of Appeals declares the record should show to have a valid special term of court.

The motion for rehearing, on application of the state for writ of certiorari to the Court of Appeals, is overruled.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.