### STATE v. BIGGS.   (3 Div. 455.)

(Court of Appeals of Alabama.　March 22, 1923.)

1. Habeas corpus ⬤⟞47(1)—Petition need not be addressed to circuit judge residing nearest county where prisoner is confined.

　Code 1907, § 7012 (Act Feb. 15, 1867 [Acts 1866–67, p. 439], amending Act Feb. 10, 1807 [Toulmin's Dig. tit. 40, c. 10, § 1], and Code 1852, § 3711), requiring that a petition for writ of habeas corpus be addressed to the nearest circuit judge, does not require that it be addressed to the circuit judge residing nearest to the county where the prisoner is confined.

2. Evidence ⬤⟞10(2)—Judicial knowledge that Grove Hill, Clarke county, is nearer Monroe county jail than Brewton, Escambia county.

　The appellate court will take judicial knowledge that Grove Hill, Clarke county, is nearer the Monroe county jail than Brewton, Escambia county.

3. Habeas corpus ⬤⟞113(12)—Order admitting petitioner to bail not reversed unless clearly erroneous where evidence was conflicting.

　The circuit judge's order allowing bail to a petitioner for writ of habeas corpus will not be reversed, where the evidence was conflicting, unless clearly erroneous.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Application by Lee Biggs for writ of habeas corpus.   From an order allowing the petitioner bail, the State appeals.   Affirmed.　.

G. O. Dickey, of Evergreen, for the State.

No brief reached the Reporter.

BRICKEN, P. J.   Lee Biggs, appellee here, being confined in the county jail of Monroe county, under an indictment charging him with the offense of murder in the first degree, addressed a petition for a writ of habeas corpus to Hon. A. B. Foster, a circuit judge, who was at the time of the issuance of the petition presiding over the circuit court of Clarke county, at Grove Hill, the county seat thereof.　.The petition averred that he was not guilty of the degree of murder as charged in the indictment, that he was illegally restrained of his liberty, etc., and was addressed to the nearest circuit judge under the provisions of section 7012 of the Code 1907.

　It appears from the record that the circuit judge to whom the petition was first addressed was for good and sufficient reasons incapable of acting upon the petition and for that reason refused to grant the writ.

Thereupon the petition was addressed to Hon. A. E. Gamble, judge of the Second judicial circuit, at Greenville, Ala., as provided by section 7013 of the Code 1907.   From an order of said circuit judge, allowing petitioner bail in the sum of $5,000, the solicitor, for and on behalf of the state, takes this appeal.

[1] On the trial of this matter, before the circuit judge at Greenville, Ala., the state made a motion to dismiss the petition upon the grounds that said petition was not directed to the nearest circuit judge in the first instance as the statute requires.

No briefs have been filed by either side in this court, but it is evident that the motion to dismiss, and the contention of the state, was based upon the theory that the statute in question contemplated and required the petition to be addressed to the circuit judge who resided nearest to the county where the prisoner is confined.

It is clearly evident that this insistence is without merit, and the court properly so held. The statute in question, section 7012, supra, specifically provides that the petition must be addressed to the nearest circuit judge, etc., and this provision has no reference to the place of residence of such judge.

The first statute we find of similar import is section 1 of an act for the more effectual preservation of personal liberty, passed February 10, 1807 (Toulmin's Digest of the Laws of Alabama, p. 660).   ·In that statute it was provided that the petition should be addressed to the territorial judge who may be or resides nearest to the place of confinement. And the Code of Alabama 1852, § 3711, contains the same provision; it being there provided that the application must be made to the chancellor or circuit judge residing or being nearest to the place or county where the party is restrained.   But by act of the

------

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Legislature approved February 15, 1867 (Acts 1866–67, p. 439), the statutes above referred to were amended and made to read as it now appears in the present Code of 1907; it having been thus incorporated in each of the several Codes preceding the present one.

[2] It follows therefore that there should be no difficulty in construing the intention of the several Legislatures in this respect; and that by having changed the older statutes to its present provisions the place of residence of the circuit judge to whom the petition must be addressed is not contemplated, and that the statute as it is now written means just what it expressly states, that the petition must be directed to the "nearest circuit judge," as the undisputed proof, on this question, was shown to have been done in the case at bar. Moreover, this court will take judicial knowledge of the fact that Grove Hill, in Clarke county, Ala., is nearer to the place of confinement of the petitioner, than is Brewton, Escambia county, Ala., the place of residence of Hon. John D. Leigh, the circuit judge to whom the state insists the petition should have been addressed.

[3] On the merits: We have carefully examined the evidence adduced upon this hearing before the circuit judge from whose order, allowing bail to petitioner, this appeal is taken. We find the evidence in conflict, one phase of which well supports the order of the circuit judge admitting petitioner to bail; and, having due regard to the weight which should in such a case be accorded to the judgment and finding on the facts of the primary tribunal by the reviewing court on appeal, we are unwilling to say that the evidence adduced upon this trial makes it clear that the circuit judge was in error in granting bail to the petitioner. We shall refrain, of course, from a discussion of the diverging tendencies of the conflicting evidence, and we shall also refrain, for obvious reasons, from expressing any opinion as to the evidence, or any part thereof, that might affect the trial to be had upon the merits, except to state our conclusion as above from the entire record on the questions presented on this appeal.

The order of the circuit judge is affirmed.

Affirmed.