In February of 1983, Lawrence Swann was convicted for DUI in the Circuit Court of Madison County on appeal of his conviction from municipal court. His DUI conviction was affirmed on appeal by this Court. Swann v. City of Huntsville, 455 So.2d 944
(Ala.Cr.App. 1984).
In December of 1984, Swann, with the legal assistance of retained counsel, filed a petition for writ of habeas corpus. This petition raised three grounds. First, it alleged that the city complaint upon which Swann was originally convicted in the municipal court lacked specificity, and, second, *Page 1269 
that there was a fatal variance between the offense charged in the Alabama Uniform Traffic Ticket and the one charged in the city's complaint. Third, the petition alleged that the court never had jurisdiction because there was no signed affidavit charging any offense, relying on Ex parte Dison, 469 So.2d 662
(Ala. 1984).
Acting as counsel for Swann, Attorney Carolyn L. Williams of Birmingham filed the habeas corpus petition in Huntsville on December 6, 1984. Williams was the same attorney who represented Swann on the appeal of his conviction. The circuit court received the petition on December 7th and ordered a hearing that very afternoon. The hearing was held and the petition was denied.
On appeal, Swann argues that he was denied his Sixth Amendment right to counsel when the trial judge refused to allow a day's continuance so that his retained counsel could be present at the hearing. In brief, appellate counsel alleges that Madison County Circuit Judge S.A. Watson, Jr., notified her on December 7, 1984, that a hearing was scheduled for 2:45 that afternoon; that she was notified "at approximately two hours and fifteen minutes before the hearing," and that she "reminded the Judge that Huntsville, Alabama was more than two hours and fifteen minutes from Birmingham, Alabama." We take judicial notice that, according to the official 1985-86 Alabama Highway Map, Huntsville is ninety-five miles from Birmingham.
Judge Watson entered the following order denying the petition:
"FINAL JUDGMENT"
 "The petition for Writ of Habeas Corpus in this case was filed on December 6, 1984. That petition was forwarded to this office on December 7, 1984, and received by the undersigned judge at approximately 11:00 A.M. The defendant was summoned to court and his attorney was notified that hearing would be held on the matter at 2:30 P.M. December 7, 1984. This notice to the petitioner's attorney was verbally given by the undersigned. The attorney for the petitioner moved for a continuance asking that the case be set during the coming week. That week having been scheduled with jury trials, the Court declined to grant continuance.
 "At 2:30 this date, the Court convened for hearing of the petition for Writ of Habeas Corpus. Mr. Swann, who had represented himself at trial and on appeal of his original case, was present as was the attorney for the City of Huntsville. The record was opened to Mr. Swann who first requested that his case be
 continued which said motion was denied. Thereafter, the petitioner referred the Court to citations in the petition. The Court having read the petition and considered the authority cited therein thereafter concluded that no ground therein was sufficient upon which to base a release of the prisoner nor setting aside of his conviction and/or sentence.
 "ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED by the Court that the petition of Lawrence Swann for Writ of Habeas Corpus should be and the same is hereby denied.
"DONE, this 7th day of December, 1984."
Neither the record in this case nor that in the appeal of Swann's original conviction discloses whether or not the requirements of Ex parte Dison, supra, have been satisfied. The City did not file an answer or return denying the allegations of fact in the petition. Hence, the facts as set out in the petition must be accepted as true. Ex parte Floyd,457 So.2d 961, 961-62 (Ala. 1984).
Although a petitioner does not have a constitutional right to the appointment of counsel at a habeas corpus hearing, Norrisv. Wainwright, 588 F.2d 130, 133-34 (5th Cir.), cert. denied,444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979), "[w]here petitioner can afford it, he is entitled to retain private counsel for the prosecution of his application." 39A C.J.S.Habeas *Page 1270 Corpus § 159 (c) (1976). Even though Swann had no right to appointed counsel, he had the right to have his retained counsel present. See Floyd v. State, 412 So.2d 826, 828
(Ala.Cr.App. 1981) ("An accused is not entitled to have counsel provided for him at a pre-indictment lineup. . . . However, he does have the right to have his own employed counsel present upon request.").
Swann's petition states a proper ground for relief. Habeas corpus will issue when the record shows a lack of jurisdiction on the part of the convicting court. State v. Thurman, 205 Ala. 677,678, 88 So. 899 (1921); Alabama Code 1975, § 15-21-24 (1). "The safe rule for trial judges or courts to follow is to grant the writ and dispose of the case finally upon the return to the writ unless it is very clear from the petition that petitioner is not entitled to the writ." Ex parte Rockholt, 271 Ala. 68,70, 122 So.2d 162 (1960), cert. denied, 364 U.S. 935,81 S.Ct. 384, 5 L.Ed.2d 368 (1961).
The trial judge denied the habeas corpus petition with the comment: "Well, in view of the fact that there is a case directly in point on your case and that is your own appeal in which the judgment of this Court was affirmed, I see no reason to grant this petition." In Swann v. City of Huntsville, supra, the issue of jurisdiction was not presented.
"A motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused." Fletcher v.State, 291 Ala. 67, 68, 277 So.2d 882 (1973). An abuse of discretion is shown when counsel is not afforded sufficient time for preparation. Brown v. State, 395 So.2d 121
(Ala.Cr.App. 1980), cert. denied, 395 So.2d 124 (Ala. 1981). Under the circumstances of this case, the judgment of the circuit court denying the petition must be reversed. This cause is remanded with directions that a hearing be held at which Swann and his counsel are present or after counsel has been given a reasonable time in which to appear.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.
 *Page 657