Milo Glenn Hammers, the appellant, was convicted of first degree rape and was sentenced to a term of imprisonment for 20 years and 1 day. On this appeal of that conviction, he contends that Ala. Code 1975, § 15-14-56(a), allowing a victim's representative to sit at counsel table during trial, is unconstitutional.
The appellant, a 61-year-old man, was charged with raping a 10-year-old girl. Section 15-14-53, Ala. Code 1975, gives a victim the right to be present in the courtroom and to sit at counsel table during the trial. The victim in this case testified and was cross-examined by the defense, but she did not remain in the courtroom for any other portion of the trial. Instead, the victim's mother sat at counsel table during the trial. Section 15-14-56(a) provides:
 "Whenever a victim is unable to attend such trial or hearing or any portion thereof by reason of death; disability; hardship; incapacity; physical, mental, or emotional condition; age, or other inability, the victim, the victim's guardian or the victim's family may select a representative who shall be entitled to exercise any right granted to the victim, pursuant to the provisions of this article."
The appellant first argues that the victim representative statute is unconstitutionally vague because "there is no definition as to what renders a person 'unable to attend' [the trial] beyond the bare assertion of, among other things, 'disability,' 'hardship,' 'incapacity,' 'age,' 'or other inability.' " Appellant's brief at 2. *Page 789 
The Alabama Crime Victims' Court Attendance Act, of which § 15-14-56(a) is a part, has been upheld against a constitutional challenge. Crowe v. State, 485 So.2d 351, 363
(Ala.Cr.App. 1984), rev'd on other grounds, 485 So.2d 373 (Ala. 1985), cert. denied, 477 U.S. 909, 106 S.Ct. 3284,91 L.Ed.2d 573 (1986). See generally Annot., 87 A.L.R.3d 238, § 10 (1978).
Moreover, the appellant's vagueness argument was not presented below and will not be considered on appeal. At trial, the appellant's counsel stated, "[W]e would be willing to stipulate for purposes of this trial that the child is unable to attend due to her age and mental condition. . . . [W]e don't have an objection on the ground that the child is [un]able to attend." R. 47-48.
 " 'A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions. 24A C.J.S. Criminal Law § 1842 (1962). See also Brannon v. State, 12 Ala. App. 189, 67 So. 634, 635 (1914), cert. denied, 191 Ala. 29, 67 So. 1007 (1915); Livingston v. State, 7 Ala. App. 43, 61 So. 54, 57 (1912) (on rehearing).' Leverett v. State, 462 So.2d 972, 976-77 (Ala.Cr.App. 1984). See also Gibson v. State, 555 So.2d 784, 797-98
(Ala.Cr.App. 1989)."
Perkins v. State, 580 So.2d 4, 10 (Ala.Cr.App. 1990). AccordCampbell v. State, 570 So.2d 1276, 1282 (Ala.Cr.App. 1990);Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App. 1991).
The appellant also claims that the statute denied him the right, guaranteed by the Sixth Amendment, to confront his accusers. That argument has no merit. The appellant was able to confront his accuser when the 10-year-old victim testified against him. Moreover, in a child sexual abuse case, the right of face-to-face confrontation is not absolute and may even be denied altogether under certain narrow circumstances. SeeMaryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157,111 L.Ed.2d 666 (1990).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.