COBB, Judge.
The appellant, Eric Miller, filed separate habeas corpus petitions in Henry and Barbour Counties. Both petitions were denied and the appellant challenges both denials. The issue raised on appeal is whether the Circuit Court of Barbour County, rather than Henry County, had jurisdiction to hear and to rule on the appellant’s petition for a writ of habeas corpus. The relevant facts are presented in chronological order below.
On January 21, 1995, the appellant was charged by warrant issued by the District Court of Henry County with trafficking in cocaine.
On January 25, 1995, District Court Judge Charles Woodham, presiding in Henry County District Court, set the appellant’s bond at $1,000,000. Judge Woodham subsequently denied a motion to reduce bond and motions for reconsideration of his denial.
On February 3, 1995, the appellant filed a petition for a writ of habeas corpus in the Circuit Court of Henry County alleging that he was being unlawfully and illegally detained by virtue of and excessive bond in light of the prior bond that had been set in similar cases. A hearing was held on the appellant’s habeas corpus petition before the Circuit Court of Henry County, Judge Denny L. Holloway presiding. At this time the district attorney for Henry County, Douglas Valeska, moved for a continuance because the appellant had “just paid [his] filing fee five minutes ago,” (transcript of Feb. 3, 1995 Henry County hearing at 5, hereafter “Feb. 3 H.C.R.”)[1], the Sheriff had not been served with the writ, and the district attorney had not had an opportunity to make a return on the writ. The appellant, through his attorney, responded to the district attorney’s request for a continuance by stating the following:
MR. PARKMAN [defense attorney]: I agree. When they called me yesterday about this, I told them that — they said the next available time would be the 17th [of February], And I said, ‘That’s fine with me.’ And they called back and said, ‘Be here at around ten o’clock this morning.’ So I do not disagree with what Mr. Vales-ka has just said. I came here pursuant to the Court telling me to be here and to bring this up here at this time.”
Feb. 3 H.C.R. 5-6. Mr. Parkman then suggested conducting the hearing before February 17, 1995, in Dothan, because he stated, after service is perfected, “we have got three days to have our hearing.” Feb. 3 H.C.R. 8. The district attorney objected and the trial judge agreed, stating, “I don’t think it’s fair to make the sheriff and all his folks go to Dothan” to which Mr. Parkman replied, “I’m just asking. I’m not here to do it that way.” Feb. 3 H.C.R. 8. Then the following occurred.
“MR. AMOS [assistant district attorney]: Judge, what are the repercussions going to be if the sheriff is served, say, Monday [February 6, 1995] and the law requires three days therefrom to file a return and have the hearing and we don’t have it within three days?
“THE COURT: There should be a judge next Friday [February 10,1995].
“MR. PARKMAN: I was just told that the next judge coming to Abbeville, Alabama, a circuit judge, was going to be February 17, by the clerk’s office.
“THE COURT: Right. Judge Woodham is here next week [February 10, 1995]. Judge Jackson [is here the 17], and Judge Little is the 24. I’m here March 3.
‘Woodham has already denied the bond reduction.
“MR. PARKMAN: Yes. I can’t have a district judge hearing this.
[[Image here]]
“MR. AMOS: When are we going to have it? Are we going to have it—
“THE COURT: Upon the sheriff being served, then it will be set on the 17th. What’s the law? What happens if it’s not?
*915 “MR. VALESELA: I’m not really — please don’t misunderstand the State, but we will be ready whenever we are served by the clerk, and the Court orders us to be here, if it’s twelve o’clock midnight.
“MR. PARKMAN: I can assure the Court we are ready.
“THE COURT: Anyway, it’s going to be Judge Jackson.
“END OF PROCEEDINGS ”
Feb. 3 H.C.R. 8-12.
On February 7, 1995, the sheriff was served by the coroner with the writ of habeas corpus. Henry County Clerk’s R. 10. (hereinafter “H.C.C.R.”) On February 8, 1995, the sheriffs return of the writ was filed. H.C.C.R. 11.
On February 13,1995, the appellant filed a “notice” that “he has not and does not waive the time limitation required for ruling on a Writ of Habeas Corpus as provided in Section 15-21-7 of Code of Alabama, 1975.” H.C.C.R. 15. Section 15-21-7, Ala.Code 1975, states:
“(a) When the petition for a writ of ha-beas corpus is required to be addressed to the nearest circuit court judge and such judge is absent, is incapable of acting, has refused to grant the writ, has refused to grant the writ returnable within five days or has granted the writ returnable in five days but has failed or refused to rule therein within five days from the return date, it may be addressed to any other circuit court judge. In such ease, before the writ is granted, proof must be made, either by the oath of the applicant or other sufficient evidence, of the particular facts which justify such address.
“(b) The jurisdiction of the nearest circuit court judge shall be ousted when the petition is filed with any other circuit court judge.”
On February 14,1995, the appellant filed a petition for a writ of habeas corpus in Barbour County Circuit Court, alleging that the petition for a writ of habeas corpus filed in Henry County “had not been granted or denied within the five-day time limitation as provided in Section 15-21-7 of the Code of Alabama, 1975” and that the appellant was “being unlawfully and illegally detained by virtue of a bail bond set at a total of $1,000,-000.00” which he said was “excessive in light of prior bonds set in similar cases” and “for persons similarly situated.” (Barbour County Clerk’s Record at page 4, hereafter “B.C.C.R.”) A hearing on this petition was set for February 20,1995, in Barbour County Circuit Court.
On February 14,1995, the appellant filed a motion requesting the Henry County Circuit Court to transfer the records in the case to Barbour County Circuit Court because Henry County had not ruled on his petition within the five-day period mandated in § 15-21-7.
On February 17, 1995, a hearing was conducted on the appellant’s habeas corpus petition in Henry County Circuit Court. Ultimately the circuit judge, the Honorable Judge Edward Jackson, denied the relief requested in the petition.
On February 20,1995, the appellant’s petition was called for a hearing before the Circuit Court of Barbour County. Respondents to the petition did not attend this hearing. See Ex parte State, ex rel. Shirley, 20 Ala. App. 473, 475, 103 So. 68 (1925) (respondent waives the question of the proximity of a judge issuing the writ if he appears and submits a defense without raising the question). The trial court allowed the appellant to state the facts and to object for appellate purposes. The Circuit Court of Barbour County denied the petition because there had “already [been a] hearing in Henry County” as a result of which the petition had been dismissed. B.C.C.R. 28c.
On March 1, 1995, the appellant filed a notice of appeal in Henry County Circuit Court from the order of that court denying his petition for a writ of habeas corpus.
On March 2, 1995, the appellant filed notice of appeal in Barbour County Circuit Court from the order of that court denying his petition for a writ of habeas corpus.
Each Friday one of the three circuit judges in the Twentieth Judicial Circuit presides in Abbeville, the county seat of Henry County. Additionally, Judge Woodham, the *916 district judge of Henry County, takes a turn at presiding as a specially appointed circuit judge in this rotation of circuit judges. Judge Woodham in his capacity as a district court judge originally set the appellant’s bond at $1,000,000 and subsequently refused to reduce it. Judge Woodham was scheduled to hold court in Henry County Circuit Court on February 10, 1995. The record clearly reflects that on February 3, 1995, the appellant consented to continue the hearing until February 17,1995, to avoid appearing before Judge Woodham on February 10, 1995. “A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions.” Hammers v. State, 661 So.2d 788 (Ala.Cr.App.1994).
Additionally, while we can find no authority stating the proposition directly, case law exists indicating that habeas corpus petitions may be continued. In Swann v. City of Huntsville, 471 So.2d 1268 (Ala.Cr.App.1985), the court found an abuse of discretion by the trial court and reversed the judgment agreeing with Swann’s argument on appeal “that he was denied his Sixth Amendment right to counsel when the trial judge refused to allow a day’s continuance so that his retained counsel could be present at the [habeas corpus] hearing.” Although the continuance was for only one day and was presumptively within the time frame established for ruling on ha-beas corpus petitions, this court cited as precedent the following general and often-cited proposition:
“ ‘A motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused.’ Fletcher v. State, 291 Ala. 67, 68, 277 So.2d 882 (1973). An abuse of discretion is shown when counsel is not afforded sufficient time for preparation. Brown v. State, 395 So.2d 121 (Ala.Cr.App.1980), cert. denied, 395 So.2d 124 (Ala.1981).”
471 So.2d at 1270.
In the present ease, it was not an abuse of the trial court’s discretion to continue the hearing until February 17,1995, based on the reasons offered by the district attorney. This date was chosen to accommodate the appellant’s need to avoid a second bond hearing before Judge Woodham. The appellant participated in the discussion concerning when the first suitable date for the hearing would be in Henry County and concluded, without objection, that February 17, 1995, was the first available satisfactory date.
Furthermore, it is this court’s opinion that the appellant should have addressed his petition to each of the three circuit judges who reside in the twentieth circuit in an attempt to reach the “nearest circuit judge.” Failing to receive an earlier setting from one of the judges who was presiding in Henry-County on February 3, the appellant proceeded pursuant to § 15-21-7(a) to seek relief in Barbour County. This court is aware that the “nearest circuit judge” does not have to be residing in the county nearest to where the appellant is incarcerated. State v. Biggs, 19 Ala.App. 160, 95 So. 908 (1923). However, it appears to this court that where several judges regularly rotate in a county, filing with the nearest circuit court judge contemplates more than a single cursory attempt to have only one of the judges address the petition. To hold otherwise would promote “forum shopping,” which is not contemplated by the § 15-21-7(a). For instance, the record indicated that the entire week of February 6 through the 10 defense counsel appeared before Judge Edward Jackson, the presiding judge in the twentieth judicial circuit, which includes Houston and Henry Counties. He did not bring the matter to Judge Jackson’s attention at any time before or during that week. Feb. 17, 1995, H.C.R. 11-15. It is possible that had the matter been brought to Judge Jackson’s attention either by notice filed before February 6 or in his presence during the week, Judge Jackson would have resolved the matter before the February 17. If this were the case, then defense counsel could have informed Judge Holloway that the Judge Jackson had consented to hear the matter before the February 17. Ultimately, on February 17, the appellant appeared before Judge Jackson. At that time Judge Jackson correctly commented that “[defense counsel] has never *917 said a word to me about this, and I was with him all last week. He’s never ask me to hear this. And I was ... there in his presence, because he was in trial with me. No one has ever exhausted ... the circuit judges in this circuit.” Feb. 17, H.C.R. 15. The appellant was free to file his petition in Barbour County under § 15-21-7(a), Ala.Code 1975, only alter he failed to receive immediate redress from all three judges who preside in Henry County.
Furthermore, Ala.Code 1975, § 15-21-7, provides that, “before the writ is granted [in another jurisdiction], proof must be made, either by the oath of the applicant or other sufficient evidence, of the particular facts which justify such address.” Here, the appellant’s petition and affidavit filed in Barbour County alleged that return of service was had on February 7, 1995, that the appellant had given notice on February 10, 1995, that he did not waive time limitations (the record reflects that notice was filed February 13, 1995, H.C.C.R. 15.), and that five days had passed without a ruling on his petition. B.C.C.R. 7. This recitation of the facts omits the fact that the appellant appeared in Henry County on February 3, 1995, and agreed on that date to continue the hearing in Henry County on February 17,1995.
Finally, because the appellant was seeking immediate relief from his incarceration, he did not suffer prejudice due to the Henry County Circuit Court’s hearing his petition. Henry County Circuit Court heard his petition three days before Barbour County Circuit Court.
Based on the above facts, we find that the appellant did not meet the requirements of § 15-21-7, Ala.Code 1975, and therefore, the Circuit Court of Barbour County lacked jurisdiction to rule on the appellant’s habeas corpus petition. The Barbour County Circuit Court correctly dismissed the appellant’s habeas corpus petition because the petition had “already [been] hear[d] in Henry County” where it had been dismissed. B.C.C.R. 28c. We further find that jurisdiction was vested in the Henry County Circuit Court and that that court did not abuse its discretion.
AFFIRMED.
All the Judges concur.

. Because of the nature of the proceedings, there are two records on appeal — one from Barbour County and one from Henry County. For ease of reference, these records are preceded by "B.C.” and "H.C.”